# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 235 | **DATE** | 3/15/2011 |
| **CASE TITLE** | Yellow Cab Affiliation, Inc., et al. Vs. Granite State Insurance Company | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion to remand [8] is granted. This action is hereby remanded to the Circuit Court of Cook County, Illinois, Chancery Division.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiffs' motion to remand [8] is granted. The separate and distinct claims of multiple plaintiffs against a single defendant cannot be aggregated to meet the amount-in-controversy requirement of 28 U.S.C. § 1332. *Snyder v. Harris*, 394 U.S. 332, 335 (1969); *Clark v. State Farm Mut. Auto. Ins. Co.*, 473 F.3d 708, 711 (7th Cir. 2007). In this case, Plaintiffs Yellow Cab Affiliation, Inc. and Wolley Cab Association, Inc. d/b/a Checker Taxi Affiliation, Inc. each held separate and distinct commercial automobile insurance policies with Defendant Granite State Insurance Company. R. 1-1, Compl. at 2-3. Yellow Cab demands reimbursement of $50,000 that it allegedly overpaid in a deductible on claim no. 1170 pursuant to policy no. 02-CA-00626997-1/000. *Id.* Checker demands reimbursement of $50,000 that it allegedly overpaid in a deductible on claim no. 257 pursuant to policy no. CA-006269998-1/000. *Id.* at 3-4. Plaintiffs also seek declarations that their respective policies contain a deductible coverage amount of $100,000, instead of $150,000. *Id.* The claims for reimbursement arise from each of the separate policies, independent of one another. Each Plaintiff's claim could be adjudicated on an individual basis. Defendant's argument that Plaintiffs are seeking to enforce one common and undivided interest is simply inaccurate in light of the allegations and separate policies. R. 15 at 3-4.

Defendant also fails to demonstrate by a preponderance of the evidence that either Plaintiff's claim, by itself, satisfies the jurisdictional minimum of $75,000. Here, Plaintiffs' complaint alleges $50,000 in damages and that amount "controls unless recovering that amount would be legally impossible." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). While Plaintiffs also seek a declaratory judgment and reformation of their policies to reflect such judgment, Defendant fails to demonstrate by a preponderance of the evidence how this relief would allow Plaintiffs to recover more than the $50,000 each contends it is owed pursuant

| STATEMENT |
|---|

to claim nos. 1170 and 257. *See Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799-800 (7th Cir. 2003) ("amount in controversy is measured by the value of the object of the litigation . . . [which] may be valued from either perspective – what the plaintiff stands to gain or what it would cost the defendant to meet the plaintiff's demand") (internal citations omitted). For these reasons, the case must be remanded to the Circuit Court of Cook County, Illinois.

     As a final issue, the Court has the authority to award attorneys' fees to Plaintiffs, 28 U.S.C. § 1447©, if Defendant lacked an objectively reasonable basis for seeking removal. *See Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). "As a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Id.* Here, although the bar on aggregation was clearly established, Defendant's argument concerning the declaratory judgment's value was not so clearly wrong that attorneys' fees should be awarded.